# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Scott Malcolm,
as trustee of the Carpenters & Joiners
Welfare Fund and the Twin City Carpenters
Vacation Fund, et al.,

      Plaintiffs,

v.

Russnick Contractors, Inc.,

      Defendant.

Civil No. 06-4842 (PJS-JJG)

**REPORT
AND
RECOMMENDATION**

---

The above matter came before the undersigned on September 17, 2007 on plaintiffs' motion for entry of judgment (Doc. No. 6). Plaintiffs are represented by Amanda R. Cefalu, Esq. Defendant Russnick Contractors did not appear.

The eight named plaintiffs appear in their capacity as trustees for eight defined benefit plans. They claim the defendant, Russnick Contractors (Russnick), failed to make required contributions to the plans for the period of October 2005 through June 2006. To recover these contributions, the plaintiffs bring action under the Employment Retirement Income Security Act (ERISA). Pursuant to various collective bargaining agreements (CBAs), the plaintiffs seek another 10% for liquidated damages, as well as interest, attorney fees, and costs.

The plaintiffs previously sought entry of default, which the Clerk granted on April 12, 2007. The sole issue, therefore, is whether the plaintiffs may now receive a default judgment under Rule 55(b).

Rule 55(b) provides that a party may apply for default judgment against a defaulted party. The court must first consider, taking all allegations in the complaint as true, whether the complaint states a cause of action. *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002). If so, but the total amount of damages is not liquidated, the court shall hold a hearing on the amount of damages. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). Findings on the amount of damages cannot be based on averments alone but may be founded on sworn affidavits. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Here, the plaintiffs have a well-pleaded cause of action, to recover unpaid contributions to a defined benefit plan, under §§ 502 and 512 of ERISA. *See* 29 U.S.C. §§ 1002, 1132(a)(3), 1145. The plaintiffs claim that, in addition to the amount of unpaid contributions, they are also entitled to an additional 10% for liquidated damages, as well as attorney fees and costs, in accordance with the employees' CBA. ERISA generally allows these remedies. 29 U.S.C. § 1132(g)(2)(C); *Trustees of Amalgamated Ins. Fund v. Sheldon Hall Clothing*, 862 F.2d 1020, 1023 (3d Cir. 1988).

The plaintiffs have divided their claims between four carpenters' funds and four painters' funds, so named from the unions that the funds are associated with. Through sworn affidavits, the plaintiffs have shown that Russnick failed to timely pay $31,073.87 to the carpenters' funds and $13,714.14 to the painters' funds. Russnick has since paid $21,437.58 and $1,183.32 toward each of these obligations respectively, and therefore, $9,636.29 and $12,530.82 remain owing.

The plaintiffs correctly state that, in accordance with the CBAs, liquidated damages are 10% of the delinquent contributions, and all untimely payments are deemed delinquent. (Aff. of J. Wolfe, May 23, 2007, Exh. B at 14, 42, Exh. C at 13.) The amount of liquidated damages, therefore, is calculated from

the total not timely paid. So liquidated damages results in another $3,107.39 to the carpenters' funds and another $1,371.41 to the painters' funds.

In addition to unpaid contributions and liquidated damages, the plaintiffs also claim $691.95 in costs and $1,980.00 in attorney fees, for a total of $2,671.95. This amount is reasonable for this litigation. The plaintiffs ask that fees and costs be allocated by how the funds have paid them, with $1,848.65 going to the carpenters' funds and $828.30 going to the painters' funds.

Taking all items together, the carpenters' funds receive $9,636.29 for unpaid contributions, plus $3,107.39 in liquidated damages, and $1,848.65 in fees and costs, for a total of $14,592.33. The painters' funds receive $12,530.82 for unpaid contributions, plus $1,371.41 in liquidated damages, and $828.30 in fees and costs, for a total of $14,730.53. This Court concludes that judgment should be entered accordingly.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.      The plaintiffs' motion for entry of judgment (Doc. No. 6) be **GRANTED.**

2.      Judgment be entered for the carpenters' funds in the amount of $14,592.33.

3.      Judgment be entered for the painters' funds in the amount of $14,730.53.

Dated this 26th day of September, 2007.                    s/Jeanne J. Graham

_____

JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by October 18, 2007. A party may respond to the objections

within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.